# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

**RORY D. MOORE and LAYMON**
**KARL SOREY,**

    Plaintiffs,

vs.                                                            CASE NO. 5:09cv329/RS-MD

**FAMILY DOLLAR TRUCKING, INC.,**

    Defendant.

_____/

## ORDER

Before me is Defendant's motion for summary judgment as to the claims of Plaintiff Rory Moore (Doc. 73).

## I. STANDARD OF REVIEW

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512 (1986). The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movant has met this burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398

U.S. 144 (1970); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). Thus, if reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment. *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (citing *Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)). However, a mere 'scintilla' of evidence supporting the nonmoving party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party. *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson*, 477 U.S. at 251).

## II. BACKGROUND

I accept the facts in the light most favorable to Plaintiff. *See Galvez v. Bruce*, 552 F.3d 1238, 1239 (11th Cir. 2008) (citing *Vinyard v. Wilson*, 311 F.3d 1340, 1343 n.1 (11th Cir. 2002)). "'All reasonable doubts about the facts should be resolved in favor of the non-movant.'" *Id.* (quoting *Burton v. City of Belle Glade*, 178 F.3d 1175, 1187 (11th Cir. 1999); *Clemons v. Dougherty County*, 684 F.2d 1365, 1368-69 (11th Cir. 1982).

Plaintiff Rory Moore is an African-American male who began his employment with Defendant Family Dollar Trucking on January 5, 2005. After a year as a battery technician, Moore interviewed with David Eldridge for the position of fleet mechanic at the truck shop and was hired. The truck shop is a

separate building from the distribution center and located about 75 yards away from the distribution center. When Moore was hired, he was the only black mechanic at the truck shop. Moore was a good employee and did not have any record of insubordination. He had "great attendance" and was not tardy to work. Moore's supervisor was David Eldridge, the transportation maintenance supervisor at the truck shop. Eldridge reported to Paul Whiddon, the Director of Transportation Operations.

Under the Family Dollar Distribution Center policies, smoking is only permitted in designated areas. There was some confusion among the employees, including the supervisors, over whether this policy applied to the truck shop as well. The Distribution Center Associates Handbook states:

> Smoking and the use of other legal tobacco products are permitted in designated areas only. Tobacco products are not permitted within the DC, or distribution center. This includes offices, break rooms and restrooms. Associates who violate the tobacco policy by smoking in the distribution center are subject to immediate discharge. Associates that use other tobacco products within the distribution center are subject to one warning, then discharged.

However, numerous white employees used tobacco inside the truck shop. Paul Whiddon regularly dipped snuff and spit it on the floor or soda cans inside the truck shop. Eldridge observed Whiddon dipping snuff while on the job in the truck shop several times. Also, at times Whiddon would borrow cigarettes from Moore and light them in non-designated areas in the truck shop. Moore observed

Whiddon smoking on several occasions in different locations in the truck shop. Eldridge never reported Whiddon for violating the smoking policy.

White supervisor Kevin Schrader also chewed tobacco while working in an area not designated for tobacco use. Wilbur Ross, a white employee, smoked in the truck shop, in the presence of Eldridge and Whiddon. Eldridge and Whiddon did not report or terminate Ross for smoking. Phillip Johnson and Chris Toal also smoked inside the truck shop in the presence of Whiddon or Eldridge and were not terminated. Tim Lance smoked in non-designated areas throughout the inside of the truck shop and other non-designated areas outside the truck shop. There were other white employees who also smoked in non-designated areas and were not terminated.

On September 22, 2008, Moore was doing preventive maintenance on a trailer and after finishing, he lit up a cigarette as he was walking to the designated smoking area about five steps away. He was in a spot where David Eldridge had previously seen white employees smoking on numerous occasions. As Moore was walking toward the smoking area, Eldridge saw him smoking. Eldridge reported this incident to Paul Whiddon, who told Eldridge he needed to report it to their supervisors. Eldridge reported the incident in an e-mail to the HR manager, Whiddon, and the Regional Vice President Russ Schupp.

Moore was called to a meeting with Whiddon and Eldridge where he was told he was being terminated for violating the anti-smoking policy. Whiddon's signature was on the disciplinary action report. The decision to terminate Moore was made by Russ Schupp, the Regional Vice President, in the first twenty days he was in the position. Schupp based his decision solely on the witness statement from Eldridge, he did no independent investigation. Eddie Potter, a white employee, replaced Moore after he was fired.

## III. ANALYSIS

Moore raises three claims against Defendant: racial discrimination, retaliation, and hostile work environment.

### Racial Discrimination

To establish a claim for disparate treatment discrimination, a plaintiff may use direct evidence or circumstantial evidence of discrimination. *Burke-Fowler v. Orange County,* 447 F.3d 1319, 1323 (11th Cir. 2006). Here, Plaintiff bases his case on circumstantial evidence of discrimination. The framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817 (1973), and *Texas Department of Community Affairs v. Burdine,* 460 U.S. 248, 101 S.Ct. 1089 (1981) is used in evaluating disparate treatment claims supported by circumstantial evidence. *See Wilson v. B/E Aerospace*, 376 F.3d

1079, 1087 (11th Cir. 2004). To establish a prima facie case of discrimination, the Plaintiff must show that (1) he is a member of a protected class; (2) he was subjected to an adverse employment action; (3) his employer treated similarly situated employees outside of his protected class more favorably than he was treated; and (4) he was qualified to do the job. *Burke-Fowler v. Orange County, Fla.* 447 F.3d 1319, 1323 (11th Cir. 2006).

To satisfy the third prong in a case alleging racial bias in the application of discipline for violation of work rules, the plaintiff, in addition to being a member of a protected class, must show either "(a) that he did not violate the work rule, or (b) that he engaged in misconduct similar to that of a person outside the protected class, and that the disciplinary measures enforced against him were more severe than those enforced against the other persons who engaged in similar misconduct." *Jones v. Gerwens*, 874 F.2d 1534, 1540 (11th Cir. 1989).

Moore has presented evidence of numerous white employees who the supervisors knew smoked in the truck shop and were not terminated. He also presented evidence of white employees who chewed tobacco in the truck shop, but were not terminated after their second violation. This is sufficient to establish a prima facie case of discrimination under *McDonnell Douglas* and *Jones*.

Once a plaintiff has presented evidence of discrimination, the employer must articulate a legitimate, nondiscriminatory reason for the employee's rejection.

6

*Wilson v. B/E Aerospace,* 376 F.3d 1079, 1089-90 (11th Cir. 2004). If the employer meets this burden of production, the plaintiff must then establish that the proffered reason is pretextual. *Id.* at 1090. Defendant has articulated that its nondiscriminatory reason for discharging Moore was his violation of the smoking policy by smoking in the truck shop. Therefore, the burden shifts back to Plaintiff to produce evidence that Defendant's reasons are pretextual.

Although the decision to terminate Moore was made by Schupp, disparate treatment analysis requires that none of the participants in the decision-making process be influenced by racial bias. Thus, the neutrality of a decisionmaker cannot cure the racial bias of subordinates who made decisions that adversely affected the plaintiff. *See Jones v. Gerwens*, 847 F.2d 1534, 1542 n. 13 (11th Cir. 1989).

Moore has presented evidence of racial bias on the part of the two supervisors whose report led to his termination. He presented evidence of Whiddon exhibiting racial prejudice through negative racial comments and jokes made in the workplace. Moore also presented evidence that Eldridge tolerated racial slurs by other employees, even after Moore made complaints. Furthermore, Plaintiff presented evidence about numerous white employees who were not terminated or reported by Whiddon and Eldridge for the same or similar violations of Family Dollar's smoking policy. This evidence is sufficient for a reasonable

7

jury to conclude that race motivated Whiddon and Eldridge in making the report to Schupp that resulted in Moore's termination, and that Defendant's articulated non-discriminatory reason is merely a pretext. Therefore, summary judgment is not appropriate on Moore's racial discrimination claim.

## Retaliation

A prima facie case of retaliation requires a plaintiff to show a causal relationship between the plaintiff's protected activity and his discharge. *Goldsmith v. Bagby Elevator Co.,* 513 F.3d 1261, 1277 (11th Cir. 2008). Moore made a complaint of racial discrimination in September of 2006. He was discharged in September of 2008. This is too great of a gap in time to show causality. *See Clark Co. School Dist. v. Breeden*, 532 U.S. 268, 273, 121 S.Ct. 1508, 1511 (2001)(holding that employment action taken 20 months after the protected action occurred, by itself, suggests no causality at all). Plaintiff cites no authority that the instant case warrants an exception from the general rule requiring closer temporal proximity. Thus Plaintiff's claim for retaliation fails as a matter of law, and summary judgment is granted for Defendant.

## Hostile Work Environment

Defendant failed to move for summary judgment on Plaintiff's claim for a hostile work environment, despite the fact that it is clearly set forth in Plaintiffs' amended complaint (Doc. 23 ¶¶ 69-80). However, it is clear that Plaintiff has

presented sufficient evidence for a reasonable jury to conclude that Moore was subject to a hostile work environment due to racial discrimination. Therefore, summary judgment is not appropriate on Plaintiff's claim of a hostile work environment.

## IV. CONCLUSION

Plaintiff has presented sufficient evidence from which a reasonable jury could find in his favor on his racial discrimination and hostile work environment claims. However, Plaintiff's retaliation claim fails as a matter of law.

**IT IS ORDERED:**

1. Summary judgment is **denied** as to Plaintiff Moore's racial discrimination claim.

2. Partial summary judgment is **granted** for Defendant as to Plaintiff Moore's retaliation claim.

3. Summary judgment is **denied** as to Plaintiff Moore's hostile work environment claim.

**ORDERED** on July 16, 2010.

                              **/s/ Richard Smoak**
                              **RICHARD SMOAK**
                              **UNITED STATES DISTRICT JUDGE**