IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RORY D. MOORE and LAYMON
KARL SOREY,

    Plaintiffs,

vs.                              CASE NO. 5:09cv329/RS-MD

FAMILY DOLLAR TRUCKING, INC.,

    Defendant.
_____/

## ORDER

Before me is Defendant's motion for summary judgment as to the claims of Plaintiff Laymon Karl Sorey (Doc. 71).

## I. STANDARD OF REVIEW

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512 (1986). The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movant has met this burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398

1

U.S. 144 (1970); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). Thus, if reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment. *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (citing *Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)). However, a mere 'scintilla' of evidence supporting the nonmoving party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party. *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson*, 477 U.S. at 251).

## II. BACKGROUND

I accept the facts in the light most favorable to Plaintiff. *See Galvez v. Bruce*, 552 F.3d 1238, 1239 (11th Cir. 2008) (citing *Vinyard v. Wilson*, 311 F.3d 1340, 1343 n.1 (11th Cir. 2002)). "'All reasonable doubts about the facts should be resolved in favor of the non-movant.'" *Id.* (quoting *Burton v. City of Belle Glade*, 178 F.3d 1175, 1187 (11th Cir. 1999); *Clemons v. Dougherty County*, 684 F.2d 1365, 1368-69 (11th Cir. 1982).

Plaintiff Laymon Sorey is an African-American male who began employment with Defendant Family Dollar in November of 2004. Sorey was employed as a "driver-switcher" at the truck shop at the Marianna Distribution

Center. Sorey was terminated from employment with Defendant on September 16, 2008, for sleeping on the job.

On the day Sorey was accused of sleeping in his truck, he had clocked out around 12:25 p.m. for lunch and was sitting in his switcher-truck reading his Bible and praying. He was sitting straight up with his head bowed and his eyes closed. David Eldridge, the Transportation Maintenance Supervisor at the truck shop, and Paul Whiddon, the Director of Transportation Operations, observed Sorey sitting in his truck with his head propped up in his hand leaning against the window of the door for several seconds. Eldridge then walked up to the driver's side of Sorey's switcher-truck and tapped on his window. When Sorey heard the tap, he stopped praying and turned his head. Sorey opened the door and Eldridge said "That's a felony." Sorey responded, "What, praying?" Eldridge then left to join Whiddon in a golf cart. Sorey sat in the truck a little while longer until his break ended and then drove his switcher-truck to the Distribution Center to clock back in from lunch. While in the Distribution Center to clock back in, Sorey ran into Whiddon, but nothing was said about the earlier incident in the switcher-truck.

A number of white employees were caught sleeping on the job but were not terminated. Tim Howell, a white truck driver, was observed asleep by Eldridge and Whiddon on multiple occasions. Howell was not disciplined or terminated for sleeping on the job. Another switcher, Fred (LNU) would tell everyone that he

was "going to bed" and would sleep on the job. Eldridge knew about this but did not terminate him. A white mechanic, Bruce Graham, fell asleep at work several times and was not disciplined until an incident where he fell asleep in his truck from more than an hour and then left the shop unattended to get breakfast from Wal-Mart. Milton Prescott, a white mechanic, was found asleep in the shop by Eldridge, who woke Prescott up but excused him when Prescott said he had a headache. Prescott was not terminated either.

Prior to his termination, Sorey made a number of complaints about discrimination at Family Dollar. Sorey complained to Eldridge when he heard that some of his white co-workers referred to him as a "nigger." Sorey also complained to Eldridge about two employees, George Thurston and Ray Gardiner, smoking in his truck and leaving ashes and spit tobacco on the side of his truck, which Sorey believed was done to try to create a hostile work environment for him and "run him off." Sorey also complained when a white employee was permitted to park his switcher-truck in a non-designated area, but Sorey was reprimanded by a white mechanic for leaving his switcher-truck in the same place. Finally, about three months before he was terminated, Sorey called Family Dollar's 800 number to complain about being asked to do an unsafe procedure of taking small "tote" boxes off the trailer by climbing up into the back of the trailer. Sorey also complained about race discrimination because no white employee was asked to do the same

4

procedure. Sorey's supervisors reacted negatively to his 800 number call, saying that the person who called needed to be "run off from there." Employee Phillip Johnson told Sorey that calling the 800 number was why Sorey was discharged.

## III. ANALYSIS

Sorey raises three claims against Defendant: racial discrimination, retaliation, and hostile work environment.

### Racial Discrimination

To establish a claim for disparate treatment discrimination, a plaintiff may use direct evidence or circumstantial evidence of discrimination. *Burke-Fowler v. Orange County,* 447 F.3d 1319, 1323 (11th Cir. 2006). Here, Plaintiff bases his case on circumstantial evidence of discrimination. The framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817 (1973), and *Texas Department of Community Affairs v. Burdine,* 460 U.S. 248, 101 S.Ct. 1089 (1981) is used in evaluating disparate treatment claims supported by circumstantial evidence. *See Wilson v. B/E Aerospace*, 376 F.3d 1079, 1087 (11th Cir. 2004). To establish a prima facie case of discrimination, the Plaintiff must show that (1) he is a member of a protected class; (2) he was subjected to an adverse employment action; (3) his employer treated similarly situated employees outside of his protected class more favorably than he was

treated; and (4) he was qualified to do the job. *Burke-Fowler v. Orange County, Fla.* 447 F.3d 1319, 1323 (11th Cir. 2006).

To satisfy the third prong in a case alleging racial bias in the application of discipline for violation of work rules, the plaintiff, in addition to being a member of a protected class, must show either "(a) that he did not violate the work rule, or (b) that he engaged in misconduct similar to that of a person outside the protected class, and that the disciplinary measures enforced against him were more severe than those enforced against the other persons who engaged in similar misconduct." *Jones v. Gerwens*, 874 F.2d 1534, 1540 (11th Cir. 1989).

Sorey has presented evidence that he did not violate the work rule and was praying, not sleeping, in his truck on his lunch break. Furthermore, he has presented evidence of numerous white employees who Eldridge and Whiddon observed sleeping on the job, often on multiple occasions, and were not terminated. This is sufficient to establish a prima facie case of discrimination under *McDonnell Douglas* and *Jones*.

Once a plaintiff has presented evidence of discrimination, the employer must articulate a legitimate, nondiscriminatory reason for the employee's rejection. *Wilson v. B/E Aerospace,* 376 F.3d 1079, 1089-90 (11th Cir. 2004). If the employer meets this burden of production, the plaintiff must then establish that the proffered reason is pretextual. *Id.* at 1090. Defendant has articulated that its

nondiscriminatory reason for discharging Sorey was his sleeping on the job. Therefore, the burden shifts back to Plaintiff to produce evidence that Defendant's reasons are pretextual.

It is unclear who exactly made the decision to terminate Sorey, but disparate treatment analysis requires that none of the participants in the decision-making process be influenced by racial bias. Thus, the neutrality of a decisionmaker cannot cure the racial bias of subordinates who made decisions that adversely affected the plaintiff. *See Jones v. Gerwens*, 847 F.2d 1534, 1542 n. 13 (11th Cir. 1989).

Sorey has presented evidence of racial bias on the part of the two supervisors whose report led to his termination. He presented evidence of Whiddon exhibiting racial prejudice through negative racial comments and jokes made in the workplace. He also presented evidence that Eldridge tolerated racial slurs by other employees. Furthermore, Plaintiff presented evidence about numerous white employees who were not terminated or reported by Whiddon and Eldridge for the same or similar violations of sleeping on the job. This evidence is sufficient for a reasonable jury to conclude that race motivated Whiddon and Eldridge in making the report that resulted in Sorey's termination and that Defendant's articulated non-discriminatory reason is merely a pretext. Therefore, summary judgment is not appropriate on Sorey's racial discrimination claim.

## **Retaliation**

A prima facie case of retaliation requires a plaintiff to show a causal relationship between the plaintiff's protected activity and his discharge. *Goldsmith v. Bagby Elevator Co.,* 513 F.3d 1261, 1277 (11th Cir. 2008). Sorey has presented evidence of a number of instances of protected activity which he alleges led to his discharge, the most recent being a call to the Family Dollar 800 number about unsafe practices and discrimination three months prior to his termination.

More than a three month period is too great of a gap in time to show causality. *See Higdon v. Jackson,* 393 F.3d 1211, 1221 (11th Cir. 2004). Therefore, partial summary judgment is granted for Defendant on Sorey's retaliation claim as it relates to any of the earlier incidents of protected activity: his complaint to Eldridge about white co-workers referring to him as "nigger," his complaints about vandalism to his truck, and his complaint about discrimination in parking his switcher-truck. However, Plaintiff has presented other evidence relating to the 800 number call in addition to evidence of its temporal proximity to his discharge. For example, he presented evidence of a supervisor saying whoever made the call needed to be "run off," and another employee who said the phone call was the reason for Sorey's termination. This evidence could lead a reasonable jury to determine that there was a causal relationship between the protected activity

and Sorey's termination. Therefore, summary judgment is denied on Plaintiff's retaliation claim as it relates to the protected activity of calling the 800 number.

### Hostile Work Environment

Defendant failed to move for summary judgment on Plaintiff's hostile work environment claim, despite the fact that it is clearly set forth in Plaintiffs' amended complaint (Doc. 23 ¶¶ 69-80). However, it is clear that Plaintiff has presented sufficient evidence for a reasonable jury to conclude that Sorey was subject to a hostile work environment due to racial discrimination. Therefore, summary judgment is not appropriate on Plaintiff's claim of a hostile work environment.

### IV. CONCLUSION

Plaintiff has presented sufficient evidence from which a reasonable jury could find in his favor on his claims for racial discrimination and hostile work environment, as well his claim for retaliation as it relates to his phone call to the 800 number. However, Plaintiff's retaliation claim fails as a matter of law as it relates to any of the other alleged incidents of protected activity due to their lack of temporal proximity.

**IT IS ORDERED:**

1. Summary judgment is **denied** as to Plaintiff Sorey's racial discrimination claim.

2. Summary judgment is **denied** on Plaintiff Sorey's retaliation claim as it relates to his telephone call to the 800 number. Partial summary judgment is **granted** for Defendant on Plaintiff's retaliation claim as to all other alleged incidents of protected activity.

3. Summary judgment is **denied** as to Plaintiff Sorey's hostile work environment claim.

**ORDERED** on July 16, 2010.

                                  **/s/ Richard Smoak**
                                  **RICHARD SMOAK**
                                  **UNITED STATES DISTRICT JUDGE**