# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

RORY D. MOORE and LAYMON
KARL SOREY,

    Plaintiffs,

vs.                                               CASE NO. 5:09cv329/RS-MD

FAMILY DOLLAR TRUCKING, INC.,

    Defendant.
_____/

## ORDER

Before me are Defendant's motions in limine (Doc. 91).

**IT IS ORDERED:**

1. Defendant's motion in limine to exclude evidence of findings on Plaintiffs' unemployment claims is **granted.** The Florida unemployment statute's definition of misconduct is irrelevant to the issues in this case.

2. Defendant's motion in limine to exclude testimony from Amanda Klein is **granted.**

3. Defendant's motion in limine to exclude Plaintiffs from introducing "voluminous files containing thousands of irrelevant documents" is

1

**denied.** Admission of documents into evidence will be determined on an exhibit by exhibit basis.

4. Defendant's motion in limine to exclude testimony from Plaintiffs' counsel's paralegals Jennifer Jackson and Karen Allen is **granted.** Ms. Jackson's testimony is moot in light of my ruling on the unemployment claims. Ms. Allen's testimony is not permissible under the Rules Regulating the Florida Bar. Rule 4-3.7 states in pertinent part:

> A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness on behalf of the client except where: (1) the testimony relates to an uncontested issue; (2) the testimony will relate solely to matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony; (3) the testimony relates to the nature and value of legal services rendered in the case; or (4) disqualification of the lawyer would work substantial hardship on the client.

Here, Ms. Allen's testimony regarding calculation of damages is likely to be contested and is not a mere formality. Rule 20-7.1(d)(4) states that paralegals shall not do "things that attorneys themselves may not do." Since it would be improper under Rule 4-3.7 for Plaintiffs' attorneys to testify, pursuant to 20-7.1(d)(4) it is also improper for Ms. Allen to testify. Furthermore, Plaintiffs do not

dispute that they failed to properly disclose Ms. Allen as a witness as required by Fed. R. Civ. P. 26.

5. Defendant's motion in limine to exclude testimony of Dr. Stephen Chastain is **denied.** Plaintiff has represented that Dr. Chastain will only be testifying as to his diagnosis and treatment, not causation.

6. Defendant's motion in limine to exclude evidence of the EEOC Notice of Right to Sue is **granted.** Exhaustion of administrative remedies is not an issue before the jury.

7. Defendant's motion in limine to exclude reference to Paul Whiddon is granted in part and denied in part. It is **granted** as evidence regarding Whiddon's use of chewing tobacco. It is **denied** as to evidence of Whiddon's use of cigarettes.

8. Defendant's motion in limine to exclude reference to other litigation against Family Dollar is **granted.**

9. Defendant's motion in limine to exclude reference to the marital status of Angel Lance or the identity of her husband is **granted**. Evidence of Ms. Lance's marital status is irrelevant to this case.

**ORDERED** on July 21, 2010.

                                  **/s/ Richard Smoak**
                                  **RICHARD SMOAK**
                                  **UNITED STATES DISTRICT JUDGE**